IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| In re:  )<br>  )<br>MISSISSIPPI PHOSPHATES )<br>   CORPORATION, *et al.*[1] )<br>  )<br>  )<br>   Debtors )<br>_____)<br>  )<br>MPC LIQUIDATION TRUST, )<br>  )<br>   PLAINITIFF, )<br>  )<br>v. )<br>  )<br>MISSISSIPPI PHOSPHATES CORPORATION,)<br>MISSISSIPPI POWER COMPANY, )<br>  )<br>   DEFENDANTS. )<br>_____) | CASE NO. 14-51667-KMS<br>Chapter 11<br><br>Jointly Administered<br><br><br><br><br><br>ADV. PRO. NO.: 16-_____-KMS |

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

The MPC Liquidation Trust (the "Trust" or the "Plaintiff"), by and through the undersigned attorneys, files this Complaint for Declaratory and Other Relief (the "Complaint") and respectfully states as follows:

### Parties

1. Plaintiff is a Mississippi trust that was established and authorized under the prior orders of the United States Bankruptcy Court for the Southern District of Mississippi, Southern Division (the "Court"). [Dkt. Nos. #818, #819, #880, #901, #905, #907, #937, #939, #950, #962, #979, #1011, #1016, #1050]

---

[1] The chapter 11 cases ("Bankruptcy Cases").of the following affiliated Debtors have been administratively consolidated for joint administration: Mississippi Phosphates Corporation ("MPC"): Case No. 14-51667, Ammonia Tank Subsidiary, Inc. ("ATS"), Case No. 14-51668 and Sulfuric Acid Tanks Subsidiary, Inc. ("SATS"), Case No. 14-51671.

2. Upon information and belief, Defendant Mississippi Power Company ("MS Power") is a Mississippi resident that is represented in these Bankruptcy Cases by Paul J. Delcambre, Jr., Balch & Bingham, LLP, 1310 Twenty Fifth Avenue, Gulfport, MS 39501. Mr. Delcambre filed a notice of appearance for MS Power on October 28, 2014. MS Power may be served through its registered agent, Vicki Peirce, at 9992 West Beach Blvd., Gulfport, MS 35902.

3. Defendant Mississippi Phosphates Corporation ("Debtor") is a Mississippi a Debtor in the above referenced bankruptcy cases and may be served with process at 601 Industrial Road, Pascagoula, MS 39581, Attn: Jon Nash, Chief Restructuring Officer and on Debtor's counsel, Butler Snow LLP, 1020 Highland Colony Parkway Suite 1400, Ridgeland, MS 39157, Attn: Stephen W. Rosenblatt.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Jurisdiction is also proper pursuant to the retention of jurisdiction provisions of this Court's *Order Granting Motion of Debtors, Pursuant to Bankruptcy Code Sections 105(a), 363, 365, 503, and 507, and Bankruptcy Rules 2002, 3007, 6004, 6006, 9007, and 9014, for Entry of an Order (A) Approving the Liquidation Trust Asset Purchase Agreement, (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* [Dkt. # 1050] (the "Sale Order").

5. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1409. Venue is also proper pursuant to the retention of jurisdiction provisions of this Court's Sale Order. *See* Sale Order, ¶ 38.

## Background

A. **The Bankruptcy Case Filing**

6. On October 27, 2014 (the "Petition Date"), the above referenced debtors (the "Debtors") filed their voluntary petitions for relief and thereby commenced these Bankruptcy Cases under chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the Court. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their properties as debtors-in-possession.

7. An Official Committee of Unsecured Creditors (the "Committee") was appointed by the United States Trustee in these Bankruptcy Cases on November 12, 2014 [Dkt. # 161]. MS Power has, at all times, been a member of the Committee.

B. **The MS Power Claim and the Refund**

8. On December 3, 2014, MS Power filed a proof of claim, assigned claim number 35 in the Court's claim registry, against MPC asserting an unsecured claim in the amount $1,082,562.09 (the "MS Power Claim").

9. On June 11, 2015, the Supreme Court of Mississippi entered its opinion (the "Refund Opinion") in the litigation styled and numbered *Miss. Power Co. v. Miss. Public Service Commission*, 168 So. 3d 905 (Miss. 2015), concerning the propriety under Mississippi statutory, regulatory, and constitutional laws of conduct and actions taken by the Mississippi Public Service Commission ("PSA") when it approved a petition filed by MS Power for a rate increase to fund the construction of the Kemper power plant. In the Refund Opinion, the Mississippi Supreme Court ruled that the actions taken by the PSA were illegal when it approved the requested rate increase, that in doing so the PSA violated applicable state statutes, regulatory and constitutional laws, and ordered the PSA to immediately enter an order directing MS Power to

refund of all previously collected Kemper-related rate payments to MS Power's customers – including MPC. On information and belief, MPC is due a refund in excess of $1.9 million (the "Refund").

C.  **The Government Settlement and the Asset Purchase Agreement**

10. On June 22, 2015, nearly two weeks after the Mississippi Supreme Court entered the Refund Opinion, the Debtors filed their:

(a) motion (the "Government Settlement Motion") to approve that certain Stipulation and Settlement Agreement (the "Government Settlement") by and among the Debtors, Phosphate Holdings, Inc., STUW LLC, as administrative agent (in such capacity, the "Agent") for the pre-petition lenders and post-petition lenders of the Debtors, the United States of America, on behalf of the Environmental Protection Agency (the "EPA"), and the Mississippi Department of Environmental Quality (the "MDEQ," and together with the EPA, collectively, the "Environmental Agencies") [Dkt. No. 818]; and

(b) motion (the "Motion to Amend") to amend bid procedures previously approved by the Court and agreed to by MS Power to implement the sale provided for under the Government Settlement [Dkt. No. 819]. MS Power was served with the Settlement Motion and the motion to Amend.

*See* Dkt. Nos. 818 and 819; *see also* Certificates of Service.

11. On July 23, 2015, the Court approved the Government Settlement and granted the Motion to Amend pursuant to the Court's *Order Approving Debtors' Motions for Approval of Sale Motion (Dkt. No. 819), Committee Settlement (Dkt. No. 501), Government Settlement (Dkt. No. 818), and DOJ Settlement (Dkt. No. 870)* [Dkt. # 937] (the "Initial Settlement Order"). In connection with and furtherance of the Initial Settlement Order, the Court entered its *Order Approving Motion of the Debtors Pursuant to §§ 105 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for an Order Approving Settlement among the Debtors, Phosphate Holdings, Inc., the Lender Parties and the Environmental Agencies* [Dkt. # 950] (the "Government 9019 Order") on July 30, 2015.

12. Pursuant to the Government 9019 Order, the Court approved the various terms of

the Government Settlement – including the Section 363 sale and transfer of substantially all of the Debtors' assets to the Plaintiff "free and clear of all liens claims and interests of the Debtors ..." *See id.* at pg. 6.

13. To accomplish the Section 363 sale and transfer of assets to Plaintiff, on August 18, 2015, the Debtors filed their *Motion of Debtors, Pursuant to Bankruptcy Code Sections 105(a), 363, 365, 503, and 507, and Bankruptcy Rules 2002, 3007, 6004, 6006, 9007, and 9014, for Entry of an Order (A) Approving the Liquidation Trust Asset Purchase Agreement, (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* [Dkt. # 979] (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors sought approval of an asset purchase agreement (the "APA") between Robert E. Ogle, solely in his capacity as Trustee of the Trust and as designee of the Agent and the Debtors. Counsel for MS Power was served with the Sale Motion. *See* Dkt. Nos. # 979 and 980. MS Power did not file any response, objection or reservation of rights to the Sale Motion.

14. Pursuant to the Sale Order, MS Power is deemed to have consented to the terms and conditions of the Sale Order:

> *Each entity or person with a Lien, claim, encumbrance, or other interest in the Purchased Assets to be transferred on the Closing Date:* (i) **has, subject to the terms and conditions of this Sale Order, consented to the Contemplated Transactions or is deemed to have consented**; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien, claim, encumbrance, or other interest; or (iii) otherwise falls within the provisions of Section 363(t) of the Bankruptcy Code. Those holders of liens claims and encumbrances and other interests are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

Sale Order, ¶ I (emphasis added).

15. On October 14, 2015, the Court entered the Sale Order granting the Sale Motion and approving the terms of the APA. *See* Dkt No. 1050.

16. The Sale Order provides that:

> Pursuant to Sections 105(a), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing: (i) the transfer of the Purchased Assets to the Liquidation Trust pursuant to the APA shall constitute a legal, valid, and effective transfer of the Purchased Assets and shall vest the Liquidation Trust with all right, title, and interest in and to the Purchased Assets; (ii) the Purchased Assets shall be transferred to the Liquidation Trust *free and clear of all Liens, claims, encumbrances, and other interests of any kind whatsoever* (including, but not limited to, any Liens, claims, encumbrances, and other interests or assertions based on any theory of successor or transferee liability, and any restriction on the use, transfer, receipt of income, or other exercise of any attributes of ownership of the Purchased Assets) other than Permitted Encumbrances and Assumed Liabilities; and (iii) *all Persons are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, against the Liquidation Trust Parties or the Purchased Assets with respect to any such asserted Liens, claims, encumbrances, and other interests*….

Sale Order, ¶ 8 (emphasis added).

17. Pursuant to the terms of the Sale Order and the APA, the Court authorized and approved the transfer of substantially all of the Debtors' assets (defined in the APA as the "Purchased Assets") to the Liquidation Trusts, free and clear of all liens, claims and encumbrances and enjoined any party from asserting any such claim against the Purchased Assets. Specifically, the Order provides that, "[p]ursuant to Sections 105(a), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing:"

(i) the transfer of the Purchased Assets to the Liquidation Trust pursuant to the APA shall constitute a legal, valid, and effective transfer of the Purchased Assets and shall vest the Liquidation Trust with all right, title, and interest in and to the Purchased Assets;

(ii) the Purchased Assets shall be transferred to the Liquidation Trust *free and clear of all Liens, claims, encumbrances, and other interests of any kind whatsoever* (including, but not limited to, any Liens, claims, encumbrances, and other interests or assertions based on any theory of successor or transferee liability, and any restriction on the use, transfer, receipt of income, or other exercise of any attributes of ownership of the Purchased Assets) other than Permitted Encumbrances and Assumed Liabilities; and

(iii) *all Persons are forever prohibited and enjoined from commencing or*

> *continuing in any manner any action or other proceeding, whether in law or equity, against the Liquidation Trust Parties or the Purchased Assets with respect to any such asserted Liens, claims, encumbrances, and other interests....*

Sale Order, ¶ 8 (emphasis added).

18. Further, Section 2.1 of the APA provides:

> Pursuant to Sections 105, 363, 365, and any other applicable provisions of the Bankruptcy Code and on the terms and subject to the conditions set forth in this Agreement and the Sale Approval Order, Purchaser shall purchase, acquire, and accept from Sellers, and Sellers shall sell, transfer, assign, convey, and deliver to Purchaser, at the Closing, all of Sellers' right, title, and interest in, to, and under the Purchased Assets, free and clear of all Encumbrances (other than Permitted Encumbrances and Encumbrances included in the Assumed Liabilities). "Purchased Assets" shall mean all of the assets, properties, titles, rights, and interests of Sellers, whether real or personal, tangible or intangible, owned, leased, or licensed, including without limitation those that are expressly described below, but expressly excluding the Excluded Assets...

APA § 2.1.

19. The Refund is a Purchased Asset.

20. On October 16, 2015, the Debtors closed the transactions in which they transferred and conveyed substantially all of their assets to the MPC Environmental Trust and to the MPC Liquidation Trust pursuant to the Government 9019 Order, the DOJ Settlement Order and the Sale Order. *See* Notice of Closing of Sale of Assets to Environmental Trustee and Liquidation Trustee under Alternative Transaction [Dkt. # 1070].

21. Under the Sale Order, the Trust is not liable for the MS Power claim:

> The Liquidation Trust, the beneficiaries under the Liquidation Trust, and their respective trustees, designees, officers, directors, managers, employees, members, shareholders, representatives, successors and assigns (collectively, the *"Liquidation Trust Parties")* (i) are not, and shall not be, considered a successor in interest to the Debtors, (ii) have not, *de facto* or otherwise, merged with or into the Debtors, (iii) are not a continuation or substantial continuation of the Debtors or any enterprise of the Debtors, and (iv) are not holding themselves out to the public as a continuation of the Debtors. Except as otherwise specifically provided in the APA or the Government Settlement Agreement, the transfer of the Purchased Assets to the Liquidation Trust does not and will not subject the

15513801.4
- 7 -

Liquidation Trust Parties to any liability whatsoever with respect to the operation of the Debtors' businesses before the Closing Date or by reason of such transfer based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of antitrust, successor, transferee, or assignee liability.

Sale Order, ¶ J.

## Causes of Action

### Count I – Declaratory Judgment

22. Plaintiff refers to and incorporates by reference the factual allegations contained in each of the foregoing paragraphs as if set forth fully herein.

23. Under 28 U.S.C. § 2201 and 2202 of the Federal Rules of Civil Procedure (the Federal Declaratory Judgment Act), made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7022, a present justiciable controversy exists between Plaintiff, MS Power and the Debtor regarding whether the Refund is a Purchased Asset and the Parties' rights, duties, and obligations related to the Refund as a Purchased asset under the APA and Sale Order. Therefore, Plaintiff requests that the Court make the following declarations.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and based upon the allegations herein, the Plaintiff seeks a declaratory judgment that:

    a.    The Refund is a Purchased Asset;

    b.    Plaintiff acquired the Refund under the terms of the APA and Sale Order free and clear or all liens, claims and interests, including those of MS Power;

    c.    Pursuant to the Sale Order, Plaintiff is not liable for the MS Power Claim;

    d.    Pursuant to the Sale Order and applicable federal and state laws and procedural rules, MS Power may not setoff or recoup any part of the MS Power Claim against the Refund; and

    e.    The failure of MS Power to turnover the Refund and pay it to the Trust is a violation of the Sale Order.

25. Because the Refund was an asset of MPC that was not otherwise listed as an Excluded Asset (as defined in the APA), the Refund is a Purchased Asset and Plaintiff acquired the Refund under the express terms of the APA.

26. Because the MS Power Claim was a pre-petition claim against MPC, the Debtors' assets – including the Refund – were sold to Plaintiff free and clear of the MS Power Claim. Consequently, the Trust is not liable for the MS Power Claim.

27. The failure of MS Power to turnover the Refund to the Trust violates the Sale Order. Plaintiff is further entitled to a monetary award for the considerable costs and expenses associated with efforts to secure compliance with this Court's Order.

### Count II – Turnover

28. Plaintiff refers to and incorporates by reference the factual allegations contained in each of the foregoing paragraphs as if set forth fully herein.

29. Plaintiff acquired the Refund as a Purchased Asset free and clear of the MS Power Claim.

30. MS Power is obligated to turnover the Refund to Plaintiff.

31. MS Power has failed and refused to pay the Refund to Plaintiff.

32. The Refund is subject to turnover to Plaintiff pursuant to Paragraph 20 of the Sale Order, which provides, in relevant part:

> All Persons that are in possession of or claim any interest in some or all of the Purchased Assets as of or after the Closing *are hereby directed to execute such documents and take all other actions as may be necessary to surrender possession and terminate such claimed interest in any of such Purchased Assets to the Liquidation Trust as of the Closing or at such time thereafter as the Liquidation Trust may request*. The Debtors agree to exercise commercially reasonable efforts to assist the Liquidation Trust in assuring that all Persons that are presently, or on the Closing Date may be, in possession of or claim an interest in some or all of the Purchased Assets in which the Debtors hold an interest will surrender such claim and possession of the Purchased Assets either to (i) the

Debtors before the Closing Date or (ii) the Liquidation Trust on or after the Closing Date.

Sale Order, ¶ 20 (emphasis added).

33. The amounts owing to Plaintiff by MS Power are just and true.

34. Plaintiff respectfully requests judgment requiring the MS Power to pay the Refund, together with an award of interest and attorney's fees.

### Prayer

WHEREFORE, Plaintiff prays that the Court grant the following relief:

1. Entry of a declaratory judgment stating that:

   a. The Refund is a Purchased Asset;

   b. Plaintiff acquired the Refund under the terms of the APA and Sale Order free and clear or all liens, claims and interests, including those of MS Power;

   c. Pursuant to the Sale Order, Plaintiff is not liable for the MS Power Claim;

   d. Pursuant to the Sale Order and applicable federal and state laws and procedural rules, MS Power may not setoff or recoup any part of the MS Power Claim against the Refund; and

   e. The failure of MS Power to turnover the Refund and pay it to the Trust is a violation of the Sale Order.

2. Entry of an order requiring MS Power to pay the full Refund to Plaintiff and to pay Plaintiff's costs and fees incident to the filing and prosecution of this Complaint;

3. Entry of an order awarding Plaintiff pre- and post-judgment interest; and

4. Entry of an order awarding Plaintiff such other and further relief to which it may be entitled at law or in equity.

Dated: January 5, 2016

Respectfully submitted,

BYRD & WISER

By: /s/ Robert Alan Byrd
Robert Alan Byrd (MB No. 7651)
145 Main Street
P.O. Box 1939
Biloxi, Mississippi 39533
Telephone: 228.432.8123
Facsimile: 228.432.7029
Email: rab@byrdwiser.com

– and –

HAYNES AND BOONE, LLP
Lenard M. Parkins (TBN 15518200)
Karl Burrer (TBN 24043584)
1221 McKinney Street, Suite 2100
Houston, TX 77010
Telephone: 713-547-2000
Facsimile: 713-547-2600
Email: lenard.parkins@haynesboone.com
Email: karl.burrer@haynesboone.com

**ATTORNEYS FOR THE MPC LIQUIDATION TRUST**